O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM WEBB, | ) | NO. CV 03-5710-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

BACKGROUND

Plaintiff seeks review of a decision by the Commissioner to cease paying him disability insurance benefits he was previously awarded as a result of his back pain essentially due to lumbar impairments. (TR 237).

In March 1993, following various administrative proceedings, an administrative law judge ("ALJ") granted plaintiff's application for benefits.  In making his decision, the ALJ stated he "remained

1  convinced" plaintiff could perform sedentary work, notwithstanding his
2  orthopedic impairments.  (TR 236).  However, the ALJ also found that he
3  could not rebut plaintiff's complaints that he had more pain that would
4  be expected from his orthopedic impairments ("excess pain") under the
5  applicable social security ruling.  (Id.)  See Light v. SSA, 119 F. 3d
6  789, 792-93 (9th Cir. 1997).  In awarding benefits, the ALJ recommended
7  a "continuing disability investigation in future...."  (TR 238).  That
8  investigation ultimately led to an administrative determination that
9  plaintiff's disability insurance benefits should cease on April 1, 1997.
10 (TR 427-28).

11      Plaintiff sought judicial review of that decision but in December
12 2003, the parties stipulated to a remand pursuant to sentence six of 42
13 U.S.C. § 405(g) because the Commissioner was unable to locate the tape
14 recording of the hearing and prepare a transcript.  (TR 430; Stipulation
15 for Remand filed on December 18, 2003).

16      On August 15, 2005, another hearing was held before a different ALJ
17 resulting in the adverse decision causing the reopening of this case for
18 judicial review.  (TR 10-15, 509-534).[1]

19                         SUMMARY OF THE EVIDENCE
20      The ALJ's September 2006 post-remand decision is attached as an
21 exhibit to this opinion and order.

22                         PLAINTIFF'S CONTENTIONS
23      Plaintiff essentially contends as follows:
24 1.   The record does not support the Commissioner's conclusion that

25 ─────────────────
26      [1]The parties agree that plaintiff was awarded supplemental
   security income by the Commissioner in November 2003, but that he
27 thereafter became ineligible for such benefits due to his receipt
   of Veteran's Administration ("VA") benefits.  (TR 10).
28
                                    2

1    plaintiff's condition improved by April 1997; and,

2  2.   The Commissioner improperly relied on the medical-vocational

3       guidelines to determine that there was light work that plaintiff

4       could perform in April 1997 when his disability insurance benefits

5       ceased.

6                              ISSUES

7    A.   Medical Improvement (Issue #1)

8        The Commissioner found that plaintiff's medical condition improved

9   such that he could perform light work and was therefore not entitled to

10  disability insurance benefits as of April 1, 1997.  (TR 14).

11       Plaintiff argues that the medical evidence does not show medical

12  improvement and even assuming improvement, such improvement would not

13  allow him to work.   He further claims that the ALJ also failed to

14  consider his new knee impairment in combination with the pre-existing

15  lumbar impairment for which he was awarded disability insurance benefits

16  in 1993.

17       A period of disability ends when there is medical improvement which

18  results in the ability to work.   20 C.F.R. § 404.1594(a).   Medical

19  improvement consists of the following: (1) a decrease in the medical

20  severity of a plaintiff's impairment that was present at the time of the

21  most recent favorable or comparison point decision ("CPD"); and, (2) an

22  increase in the functional capacity to do basic work activities to the

23  extent that the plaintiff can engage in substantial gainful activity.

24  20 C.F.R. § 404.1594(a), (b)(1),(3).   A determination that there has

25  been a decrease in medical severity is based on improvement in symptoms,

26  signs and/or laboratory findings.   20 C.F.R. § 404.1594(b)(1).   If

27  medical improvement has occurred since the CPD, the plaintiff's current

28
                                    3

residual functional capacity ("RFC") on the date of cessation is compared to the RFC at the time of the CPD to see if the improvement is related to plaintiff's ability to work.   20 C.F.R. § 404.1594 (c)(2), (f).   Once a plaintiff has been found disabled, there is a presumption of ongoing disability and the Commissioner must come forward with some evidence that plaintiff's condition has improved.   Bellamy v. Secretary, 755 F. 2d 1380, 1381 (9th Cir. 1985); Allen v. Heckler, 749 F.2d 577, 578 (9th Cir. 1984).

Plaintiff correctly argues that the radiology scans in the record do not demonstrate medical improvement between the CPD and the cessation date. (See, e.g., TR 123, 321-22, 353-54).   The Commissioner essentially argues that consultative orthopaedic and internal medicine examinations in 1996 and 1997 and the state agency physician review of the record, upon which the ALJ relied, demonstrate that at the date of cessation, plaintiff could work.   (See e.g., TR 330-35, 345-38).   The Commissioner also argues that plaintiff's treating physician, who opined in the context of sparse records that plaintiff had not medically improved, did not place any work restrictions on plaintiff.   (TR 12, 356-57).

The court concludes that the Commissioner gave specific and legitimate reasons for rejecting plaintiff's treating physician's opinion and discounting plaintiff's credibility.   (TR 10-15), See e.g. Rollins v. Massanari, 261 F. 3d 853, 856 (9th Cir. 2001)(citation omitted); Parra v. Astrue, 481 F. 3d 742, 751 (evidence of 'conservative treatment' is sufficient to discount a [plaintiff's] testimony regarding the severity of an impairment")(citation omitted).   The court also agrees with the Commissioner that a plaintiff's subsequent disability (here, apparently, for purposes of awarding plaintiff supplemental

4

security income in 2003) after his cessation date for disability insurance income does not compel a contrary conclusion.

However, remand is warranted in this case because it is unclear whether the Commissioner's specific and legitimate reasons are supported by substantial evidence. The court concludes that while there is substantial evidence that plaintiff's *symptoms* improved by the cessation date, it is not clear that substantial evidence supports the conclusion that his *signs and/or laboratory findings* did. Therefore on remand, the Commissioner should articulate whether he reads the requirements of 20 C.F.R. § 404.1594(b)(1) conjunctively or disjunctively and his reasons for so doing. In any event, if plaintiff is not awarded the benefits he seeks on remand and the Commissioner takes the position that plaintiff's *signs and/or laboratory findings* improved by the cessation date, that position should be explained by references to *signs and/or laboratory findings* of record.[2]

   B.   Medical-Vocational Guidelines (Issue #2)

Plaintiff essentially contends that the ALJ improperly relied on the Commissioner's Medical-Vocational Guidelines (the "Grids")[3] in concluding at step 5 of the sequential evaluation that plaintiff can perform alternate work activity. Plaintiff asserts that the ALJ was

_____

[2]Because the Commissioner contended that plaintiff's impairment improved, the Commissioner did not address whether any exceptions to the medical improvement requirement apply. See 20 C.F.R. § 404.1594(d), (e). On remand, the Commissioner will have the opportunity to consider the applicability of such exceptions if appropriate.

[3]The Commissioner's Medical-Vocational Guidelines formerly were referred to as the "Grids." Because the case law employs the term "Grids" when referring to the Guidelines, this court also uses the term "Grids."

1    required to call a vocational expert ("VE") because he suffers from  the
2    non-exertional limitation of pain.

3         "At Step Five of the five-step sequential inquiry, the Commissioner
4    bears the burden of proving that [plaintiff] can perform 'other jobs
5    that exist in substantial numbers in the national economy.'"  Lewis v.
6    Apfel, 236 F.3d 503, 508 (9th Cir. 2001); 20 C.F.R. section 404.1520(f).
7    There are two ways for the Commissioner to meet this burden: (1) by the
8    testimony of a vocational expert or (2) by reference to the grids.
9    Tackett v. Apfel, 180 F.3d 1094, 1099, 1101 (9th Cir. 1999).  See also
10   Bruton v. Massanari, 268 F.3d 824, 824, 827 n.1 (9th Cir. 2001).

11        However, the grids may be used "only when [they] accurately and
12   completely describe the [plaintiff's] abilities and limitations."  Jones
13   v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985)(citing Heckler v.
14   Campbell, 461 U.S. 462 n. 5 (1983).  While the existence of a non-
15   exertional limitation does not automatically preclude application of the
16   grids, (Desrosiers v. Secretary of Health and Human Services, 846 F.2d
17   573, 577 (9th Cir. 1988)), in borderline cases, the ALJ must not
18   mechanically apply the grids.  Heckler v. Campbell, 461 U.S. at 462 n.5.
19   The court concludes that the objective medical evidence renders this a
20   borderline case and a vocational expert should be called on remand.

21                    REMAND IS APPROPRIATE IN THIS CASE
22        The decision whether to remand a case for additional evidence is
23   within the discretion of the court.  Sprague v. Bowen, 812 F.2d 1226,
24   1232 (9th Cir. 1987).  Remand is appropriate if the record is incomplete
25   and additional proceedings would remedy defects in the Commissioner's
26   decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).
27        Having considered the record as a whole, it appears that the
28

present record is insufficiently developed.

<u>CONCLUSION</u>

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: September 24, 2007

CAROLYN TURCHIN
_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

7